# UNITED STATES OF AMERICA
## Federal Court

District of Massachusetts
at Worcester

Docket #

# 04-40229

Francis Harvey & Sons, Inc.

Plaintiff

vs.

Commissioner of the Internal Revenue Service

Defendant

RECEIPT # 404441
AMOUNT $ 150.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK.
DATE 11-3-04

## COMPLAINT

### PARTIES

1. Plaintiff Francis Harvey & Sons, Inc. ("Harvey & Sons") is a business with an address of 141 Dewey Street, Worcester, MA 01610.

2. The defendant Commissioner of the Internal Revenue Service ("IRS") is the appropriate officer named as the representative of the IRS. For purposes of this appeal, the applicable IRS's office's address is Internal Revenue Service, Appeals Office, 10 Causeway Street, Room 493, Boston, MA 02222.

### JURISDICTION and VENUE

3. Minimally, the Federal Court has jurisdiction over this matter pursuant to 26 U.S.C. § 6330. The plaintiff Harvey & Sons has filed this appeal within 30

1

days of the IRS's Notice of Determination to establish jurisdiction with this

Court. (See the IRS's Notice Of Determination attached as Exhibit "1").

4.  Venue is appropriate in Federal District Court at Worcester because the

plaintiff's business is located in Worcester.

## FACTS

5.  Harvey has ongoing litigation with IRS over penalties for late payment of

employee taxes. This consolidated case is currently before the Federal Court,

Worcester Docket #03-40097. It is Harvey's position that the consolidated

case concerns the tax periods from 1993 through September 2002.

6.  As set forth in the consolidated case currently ongoing , Harvey & Sons

has "reasonable cause" for abatement of penalties as a result of monies not

being  paid to Harvey & Sons on a construction project at Amherst College.

7.  The plaintiff Harvey & Sons is bringing this appeal, *inter-alia*, concerning the

IRS's decision at the Collection Due Process Hearing for the tax period

ending 6/30/03. (See the IRS Notice of Determination attached, Exhibit "1")

8.  Harvey is disputing the IRS's actions and decisions for the tax periods since

September 2002. Since September 2002, the IRS not only has inappropriately

assessed penalties and interest, it also has taken certain funds for employee

taxes for these periods and applied some of them to past penalties and taxes

and then improperly asserting that the payments were allegedly not made. For

the tax periods since those tax periods adjudicated in Docket # 03-40097,

Harvey is entitled to an abatement, refund and/or any and all other appropriate

2

remedies concerning the improperly assessed penalties and interest and a proper application of Harvey's taxes to the proper tax periods.

9. Pursuant to applicable law, it is Harvey & Sons' position that it has a right to a *de novo* review by this Court..

## LAW

### Count I

### (Declaratory Judgment)

10. Harvey & Sons repeats the allegations set forth in paragraphs 1 through 9 above.

11. There is a dispute between Harvey & Sons and the IRS over whether Harvey & Sons is (a) entitled to the reasonable cause exception for waiver of penalties, (b) what taxes are owed and (c) what is actually due, if anything, in interest and penalties.

12. A declaratory judgment will resolve this dispute.

### Count II

### (Appeal Pursuant to 26 U.S.C. § 6330)

13. Harvey & Sons repeats the allegations set forth in paragraphs 1 through 12 above.

14. Pursuant to U.S.C. 26 § 6330, Harvey & Sons has the right to appeal the IRS's adverse Notice of Determination.

15. Harvey & Sons is hereby exercising any and all of rights of appeal pursuant

to the statute by filing this compliant.

### Count III

#### (Injunction)

16. Harvey & Sons repeats the allegations set forth in paragraphs 1 through 15 above.

17. Harvey & Sons respectfully requests an injunction preventing the IRS from collecting any sums that the Court deems are not due and owing.

### Count IV

#### (Accounting)

18. Harvey & Sons repeats the allegations set forth in paragraphs 1 through 17 above.

19. Harvey seeks an accounting of the employee taxes paid and the application of those funds.

## **JURY REQUEST**

To the extent allowed by law, Harvey & Sons requests a trial by jury.

## **RELIEF REQUESTED**

Wherefore, based upon the foregoing, Harvey & Sons respectfully requests that the Court:

1. Enter judgment in Harvey & Sons' favor;

2. Declare and/or order that (a) Harvey & Sons is not required to pay the penalties in dispute and that it is entitled to the reasonable cause exception and (b) that the IRS has improperly assessed interest and misapplied penalties;

3. Issue a ruling in Harvey & Sons' favor concerning its dispute with the IRS pursuant to the authority vested in this Court pursuant to U.S.C. 26 § 6330;

4. Permanently enjoin and/or order the IRS from collecting any and all sums which are not lawfully owed, as well as issuing any and all other pertinent equitable relief;

5. Award any and all further relief deemed meet and just.

Respectfully submitted,

Steven M. LaFortune
LaFortune & LaFortune
89 Main Street
Andover, MA 01810
(978) 475-6177

Counsel for Harvey & Sons, Inc.

Dated: October 28, 2004

**Internal Revenue Service**
Portsmouth Appeals Office
195 Commerce Way, Suite B
Portsmouth, NH 03801

**Department of The Treasury**
Northeast Region

**Person to Contact:**
Maria R. Russo
**Badge #:** 04-03510
**Tel. #:** 603-433-0796
**Fax #:** 603-433-0597
**Refer Reply to:**
AP:FE:PSM:MRR
**Employer Identification #:**
 04-2069673

Date:  OCT 0 8 2004

**Tax Type/Form Number:**
Employment / Form 941

**Tax Period Ended:**
06/30/2003

Francis Harvey & Sons, Inc.
P.O. Box 40
Worcester, MA 01602

**In Re: CDP-Lien/Levy**

Due Process Appeal
(District Court)

**Certified Mail**

## NOTICE OF DETERMINATION
### CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330

Dear Francis Harvey & Sons, Inc.:

We have reviewed the proposed collection action for the periods shown above. This letter is your legal Notice of Determination, as required by law. A summary of our determination is stated below and the enclosed statement shows, in detail, the matters we considered at your Appeals hearing and our conclusions.

If you want to dispute this determination in court, you have 30 days from the date of this letter to file a complaint in the appropriate United States District Court for a redetermination.

The time limit for filing your complaint (30 days) is fixed by law. The courts cannot consider your appeal if you file late. If the court determines that you made your complaint to the wrong court, you will have 30 days after such determination to file with the correct court.

If you do not file a complaint with the court within 30 days from the date of this letter, your case will be returned to the originating IRS office for action consistent with the determination summarized below and described on the attached pages(s).

If you have any questions, please contact the person whose name and telephone number are shown above.

Sincerely,

Kathleen E. Brown
Appeals Team Manager

## Summary of Determination

Based upon the information in the case file and the information presented by Attorney Murray Hershman, the taxpayer's designated Power of Attorney, the Notice of Intent to Levy was appropriate at the time it was issued.  The Notice of Federal Tax Lien filed on 02/10/2004 was appropriate at the time it was issued and will remain in full force and effect until it is satisfied or becomes unenforceable by law.  As the taxpayer is not in compliance with Federal Tax Depositing requirements and continues to accrue liabilities, no collection alternatives could be considered.

## Appeals Case Memorandum

**Attachment to Letter 3194 (DC)**

**Taxpayer:**   Francis Harvey & Sons, Inc.
**Employer Id. #:** 04-2069673

- Request timely submitted under IRC § 6320
- Request timely submitted under IRC § 6330

| Type of Tax | Tax Period | Date of CDP Notice | Date CDP Request Received | Code Section |
|---|---|---|---|---|
| Employment | 06/30/2003 | 02/13/2004 | 03/18/2004 | 6320 |
| Employment | 06/30/2003 | 01/13/2004 | 02/10/2004 | 6330 |
|  |  |  |  |  |

### Summary and Recommendation

The taxpayer in question filed 2 Form 12153 Request for Collection Due Process hearing, one for the Notice of Intent to Levy and one for the Notice of Federal Tax lien that was filed. As both were timely made and are for the same tax period, the taxpayer's requests were consolidated into one hearing.

Based upon the information in the case file and the information presented by Attorney Murray Hershman, the taxpayer's designated Power of Attorney, the Notice of Intent to Levy was appropriate at the time it was issued. The Notice of Federal Tax Lien filed on 2/10/2004 was appropriate at the time it was issued and will remain in full force and effect until it is satisfied or becomes unenforceable by law. As the taxpayer is not in compliance with Federal Tax Depositing requirements and continues to accrue liabilities, no collection alternatives could be considered.

### Brief Background

The taxpayer owes on the above period due to failing to make Federal Tax Deposits as required.

On the Form 12153, Attorney Murray Hershman, the taxpayer's designated Power of Attorney, stated:
*"During telephone conversations held between the taxpayer's representative, Murray Hershman, and the IRS Revenue Officer assigned to this case, Thomas Simonds of your Worcester office, the taxpayer's representative was informed that the aforementioned has made "no withholding tax deposits for the tax period ended June 30, 2003." Please be advised that we do not agree with that statement or finding nor with the need to issue the attached Notice of Federal Tax Lien filing. Enclosed herewith are copies of the taxpayer's Federal tax deposits for the tax period ended June 30, 2003 and a copy of the Form 941 for the same period. Therefore, we hereby request that the Service cease taking any further collection action in this matter and withdraw the aforementioned Notice of Federal Tax lien filing inasmuch as the entire balance due has, as of this date, been paid."*

2 -

# Discussion and Analysis

## MATTERS CONSIDERED AT THE APPEALS HEARING

### I. Verification of Applicable Law and Administrative Procedures.

A review of the administrative file indicates that the statutory and administrative requirements that needed to be met with respect to the proposed levy and the filing of the Notice of Federal Tax Lien were in fact met in this case.

IRC § 6321 creates a lien on the taxpayer's property if the taxpayer neglects or refuses to pay the tax after the tax is assessed and after notice and demand for payment are sent to the taxpayer's last known address, as provided for in IRC § 6303. A review of transcripts has confirmed the tax was assessed, and notice and demand was mailed to the taxpayer at the last known address, and there is still a balance due.

IRC Section 6320 provides that the Internal Revenue Service (IRS) will notify a taxpayer of the filing of a notice of lien and of the right to a hearing before the IRS Office of Appeals with respect to the filing of a Notice of Federal Tax Lien. Letter 3172 dated 02/13/2004, "Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320" was sent via certified mail, and the Service received a timely response from you, on 03/18/2004, in the form of the subject appeal.

A levy is a legal seizure of a taxpayer's property to satisfy a tax debt. If a taxpayer does not pay his/her taxes, or make arrangements to settle a tax debt, the IRS may seize and sell any type of real or personal property the taxpayers owns or has an interest in. IRS may also levy a taxpayer's wages.

IRC § 6331 empowers the Service to use levy action to collect taxes on all property or rights to property belonging to the taxpayer or on which there is a federal tax lien.

IRC § 6331(d) requires that IRS notify a taxpayer at least 30 days before the day of levy. The record shows that such a notice was mailed via certified mail, return receipt requested, on 01/13/2004.

IRC § 6330(a)(1) specifically provides that no levy may be made unless the IRS notifies a taxpayer of:

- The Service's intention to levy, and
- The taxpayer's opportunity for a hearing with the IRS Office of Appeals.
- This notice (which is combined with the notice required under IRC § 6331(d) on Letter 1058/LT11) was mailed on 01/13/2004 via certified mail, return receipt requested.

Sections 6320 (b) & 6330(b) guarantee the right to a fair hearing by the Internal Revenue Office of Appeals. The hearing is to be conducted by an impartial officer who has had no previous dealing with respect to the unpaid tax. The Settlement Officer

Letter 3194

- 3 -

assigned to hear this case has had no prior involvement with respect to any of the tax liabilities that are part of this hearing.

Under Service procedures, a final notice of proposed levy is supposed to be sent only when the Service has identified potential levy sources. According to the record, levy sources were identified.

IRC § 6330(c) allows the taxpayer to raise any relevant issues relating to the unpaid tax or the proposed levy at the due process hearing.

## II. Relevant Issues Presented by the Taxpayer

**Challenges to the Existence or Amount of the Liability:**
In your request for the hearing, you challenged the existence of the tax liability at issue. Attorney Murray Hershman, your designated Power of Attorney, stated that he presented the Revenue Officer assigned the case copies of Federal Tax Deposit receipts made on 07/17/2003 for the quarter in question. The Revenue Officer informed Attorney Hershman that these were not verifications that the deposits had actually been made, but only a request that they be made. The deposits were in fact never made and the funds were not withdrawn from your bank account on the dates indicated on these copies that were provided. You have repeatedly presented such documentation to the Revenue Officer despite knowing that they did not substantiate that the deposits were timely made.

You presented Settlement Officer Maria Russo with no further documentation to substantiate that the deposits were in fact made for the quarter in question. The liability is correct as it is currently assessed.

**Challenges to the Appropriateness of the Proposed Collection Action:**
In requesting the appeal, you stated that the tax for the period in question had been paid. Therefore, you stated that there was no need to issue the Notice of Federal Tax Lien and that you wanted the Internal Revenue Service to withdraw the Notice of Federal Tax Lien and not take any further collection action.

IRC Section 6323(j) explains the 4 situations where the Service has the authority to withdraw the filed Notice of Federal Tax Lien. The conditions are as follows:

a) the filing of the notice was premature or otherwise not in accordance with the Services' administrative procedures

b) the taxpayer entered into an agreement under Section 6159 to satisfy the tax liability for which the lien was imposed by means of installment payments, unless such agreement provide otherwise,

c) withdrawal of such notices will facilitate the collection of the tax liability, or

d) with the consent of the Taxpayer Advocate, the withdrawal of such notice would be in the best interest of the taxpayer and the United States."

Letter 3194

- 4 -

As stated above, the debt in question has not been paid. A notice and demand for payment was issued and the debt remained unpaid 10 days after the notice and demand for payment was made. The administrative file indicates that the lien filing is appropriate and that no cause for withdrawal exists.

**Collection Alternatives Offered by the Taxpayer:**

Attorney Hershman proposed an Installment Agreement to Settlement Officer Russo on your behalf. This installment agreement was to include all outstanding Form 941, Employment Tax liabilities and Form 940, Unemployment Tax liabilities totaling approximately $1,800,000. He proposed to pay $300,000 per month beginning 10/28/2004 and any remaining balance on the periods currently in Collection Due Process litigation in U.S. District Court in Worcester, MA, those other periods currently in other CDP hearings and the liability at issue no later than 4/28/2005.

Settlement Officer Maria Russo explained that she was precluded from entering into an Installment Agreement if you were not current in making your Federal Tax Deposits. Attorney Hershman insisted that you were. Russo advised him that she would give you an opportunity to substantiate that the deposits were timely made by providing a letter from your bank detailing the date the deposits were withdrawn from your account. She asked you to provide a copy of your payroll records for the third quarter of 2004 to confirm that your payroll had dropped for the third quarter and that you in fact were current. She faxed a letter to your Power of Attorney detailing the specific information needed for her to agree to this proposal. The letter from the bank that you provided did not specify when the funds were withdrawn from your account nor did it substantiate that they were timely made. Hershman indicated that you did not have payroll records to provide to substantiate that your payroll had dropped and were current. Russo contacted Hershman and advised him that the information provided was not was asked for and did not confirm that you were in compliance with all depositing requirements. He did not contest this fact.

You were first contacted by the Compliance Division relative to unpaid payroll taxes in September 1999. Since that initial contact, you have accrued 8 additional quarters of Form 941, Employment Tax liabilities including the one at issue and continue to accrue additional liabilities to this day. She explained that per Internal Revenue Manual 5.7.8.3, Installment Agreements are not appropriate for taxpayers who continue to accrue tax liabilities after contact because they are not in compliance. Therefore, Russo advised your Power of Attorney that she could not agree to his proposal. He had no additional collection alternatives to offer and understood that she could not agree to his proposal.

She advised him that a Notice of Determination would be issued and the case would be returned to the Compliance Division for resolution. Hershman indicated that he would petition U.S. Tax Court to delay collection action and give you time to pay the debts, as he is aware of the fact that no collection action can be taken on periods that are in litigation. Hershman stated that he would provide the Revenue Officer with a letter from Fleet Bank on a weekly basis acknowledging that the Federal Tax Deposit was made and the funds withdrawn from your account. He stated that he would have you pay $300,000 a month to the Revenue Officer on the back debt including all periods that will be in litigation. He stated that by the time the Court hears his petition, the debt will be

Letter 3194

- 5 -

pretty much paid.

**Other Issues Raised by the Taxpayer:**
No other issues were raised.

### III. Balancing of the Need for the Efficient Collection of the Taxes With the Concerns That the Collection Action Be No More Intrusive Than Necessary.

Based upon the information in the case file and the information presented by Attorney Murray Hershman, the taxpayer's designated Power of Attorney, the Notice of Intent to Levy was appropriate at the time it was issued. The Notice of Federal Tax Lien filed on 02/10/2004 was appropriate at the time it was issued and will remain in full force and effect until it is satisfied or becomes unenforceable by law. As the taxpayer is not in compliance with Federal Tax Depositing requirements and continues to accrue liabilities, no collection alternatives could be considered.

🔌JS 44  (Rev. 3/99)

# CIVIL COVER SHEET 04 - 40229

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Harvey & Sons, Inc.

**DEFENDANTS**

Internal Revenue Services

(b) County of Residence of First Listed Plaintiff ___Worcester___
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES. USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

LaFortune & LaFortune
Steven M. LaFortune    (978)-475-6177
89 Main Street, Andover, MA 01810

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
      Plaintiff

☐ 3  Federal Question
      (U.S. Government Not a Party)

☒ 2  U.S. Government
      Defendant

☐ 4  Diversity
      (Indicate Citizenship of Parties
       in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                           and One Box for Defendant)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ Judgment Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | ☒ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | or Defendant) | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1  Original
      Proceeding

☐ 2  Removed from
      State Court

☐ 3  Remanded from
      Appellate Court

☐ 4  Reinstated or
      Reopened

☐ 5  Transferred from
      another district
      (specify)

☐ 6  Multidistrict
      Litigation

☐ 7  Appeal to
      District
      Judge from
      Magistrate
      Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

26 U.S.C. 6330 - Appeal from an IRS CDP determination

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☒ Yes    ☐ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):

JUDGE

DOCKET NUMBER ___03-40097,98,99___

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

…

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

# 04 - 40229

1.  Title of case (name of first party on each side only) __Harvey vs. IRS__

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

    ☐   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

    ☐   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ☒   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ☐   V.    150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                                    YES ☐    NO ☒

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

                                                                    YES ☐    NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                                    YES ☒    NO ☐

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                                    YES ☐    NO ☒

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                                    YES ☒    NO ☐

    A.   If yes, in which division do all of the non-governmental parties reside?

         Eastern Division ☐       Central Division ☒       Western Division ☐

    B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

         Eastern Division ☐       Central Division ☒       Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                                    YES ☐    NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME _____ Steven M. LaFortune _____

ADDRESS _____ 89 Main Street, Andover, MA 01810 _____

TELEPHONE NO. _____ (978)-475-6177, ext. 100 _____

(Coversheetlocal.wpd - 10/17/02)